UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TAMARA B. FIELDS, individually and as personal representative for the estate of Darton A. Fields,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>KANSAS DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 21-2239-JWB<br>)<br>)<br>)<br>)<br>) |

## **ORDER**

Plaintiff, proceeding pro se, has filed a complaint against defendants, the Kansas Department of Corrections and Jacob Snyder, individually and in his official capacity.[1] Plaintiff alleges unspecified civil-rights claims against defendants for the wrongful death of Darton A. Fields, although the nature of the claims is unclear from the complaint, as discussed below. Plaintiff has moved to proceed with this action *in forma pauperis* (ECF No. 3) and has filed a motion for the appointment of counsel (ECF No. 4). The motion to proceed *in forma pauperis* is denied without prejudice. The motion to appoint counsel is denied. Plaintiff is ordered to show cause by **June 10, 2021**, why this case should not be dismissed for failure to state a claim upon which relief may be granted.

---

[1] ECF No. 1.

Motion to Proceed In Forma Pauperis

Upon filing this action, plaintiff moved to proceed *in forma pauperis*. Section 1915 of Title 28 of the United States Code allows the court to authorize the commencement of a civil action "without the prepayment of fees or security therefor, by a person who submits an affidavit [asserting] . . . the person is unable to pay such fees or give security therefor."[2] To succeed on a motion to proceed *in forma pauperis*, the movant must show a financial inability to pay the required filing fees.[3] "One need not be 'absolutely destitute' to proceed [*in forma pauperis*], but [*in forma pauperis*] need not be granted where one can pay or give security for the costs 'and still be able to provide [herself] and dependents with the necessities of life.'"[4] "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or otherwise.'"[5] The decision to grant or deny *in-forma-pauperis* status under § 1915 lies within the "wide discretion" of the trial court.[6]

Plaintiff's application indicates her monthly expenses total approximately $2,000, plus $2,000 of support for two dependents.[7] She indicates she isn't employed, has no cash

---

[2] 28 U.S.C. § 1915(a)(1).

[3] *United States v Garcia*, 164 Fed. App'x 785, 786 n.1 (10th Cir. 2006).

[4] *Lewis v. Center Market*, 378 F. App'x 780, 785 (10th Cir. 2010) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

[5] *Green v. Suthers*, No. 99-1447, 208 F.3d 226 (table), 2000 WL 309268, at *2 (10th Cir. Mar. 27, 2000) (quoting *White v. Colo.*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

[6] *Id.*

[7] ECF No. 3-1.

on hand, and has no savings.[8] She checked the box "yes" for receiving money from other government sources, but indicates the amount was $0.[9] So it's unclear to the court the source of plaintiff's income. For the court to ascertain whether plaintiff may proceed *in forma pauperis*, she shall provide the source and amount of her monthly income. Her application for leave to file and continue this action without payment of fees or costs (ECF No. 3) is therefore denied without prejudice to re-filing.

Appointment of Counsel

In civil actions such as this one, there is no constitutional right to appointed counsel.[10] However, "under 28 U.S.C. § 1915(e)(1), a district court has discretion to request counsel to represent an indigent party in a civil case."[11] The decision to appoint counsel lies solely in the court's discretion, which should be based on a determination that the circumstances are such that a denial of counsel would be fundamentally unfair.[12] "In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present [her] claims, and the complexity of the legal

---

[8] *Id.*

[9] *Id.*

[10] *Swafford v. Asture*, No. 12-1417-SAC, 2012 WL 5512038, at *1 (D. Kan. Nov. 14, 2012) (citing *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995) and *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989)).

[11] *Commodity Futures Trading Comm'n v. Brockbank*, 316 F. App'x. 707, 712 (10th Cir. 2008) (upholding denial of defendant's motions for counsel).

[12] *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991).

issues raised by the claims."[13] The court also considers the efforts made by the litigant to retain her own counsel.[14]

Plaintiff has shown she has conferred with numerous attorneys regarding legal representation and has made sufficient efforts to retain counsel.[15] But other factors weigh against appointing counsel at this time. First, it's unclear from plaintiff's filings what the factual and legal issues in this case actually are, because plaintiff hasn't filed a complete complaint. Once that is remedied, the court has no doubt that the district judge assigned to this case will have little trouble discerning the applicable law. It does not appear at this point that this case presents any atypical or complex legal issues. Finally, based on the factual allegations and claims presented in the complaint, the court is unable to determine at this stage whether plaintiff's claims are particularly meritorious. In the end, the court concludes that this is not a case in which justice requires the appointment of counsel. If plaintiff devotes sufficient efforts to presenting her case, the court is certain that she can do so adequately without the aid of counsel. Plaintiff's request for appointment of counsel is therefore denied at this time.

---

[13] *Id.*

[14] *Lister v. City of Wichita, Kan.*, 666 F. App'x 709, 713 (10th Cir. 2016) (quoting *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992)); *Tilmon v. Polo Ralph Lauren Factory Store*, No. 17-2383-JAR, 2017 WL 3503678, at *1 (D. Kan. July 6, 2017).

[15] ECF No. 4.

Screening Under 28 U.S.C. § 1915(e)(2)

When a party moves to proceed *in forma pauperis*, § 1915(e)(2) requires the court to screen the party's complaint to see if it states a claim upon which the court can grant relief. The screening procedure set out in § 1915(e)(2) applies to all litigants, prisoners and non-prisoners alike. In screening plaintiff's complaint, the undersigned U.S. Magistrate Judge, James P. O'Hara, finds it does not clearly establish this court's subject-matter jurisdiction. Federal courts cannot hear all cases, and it's plaintiff's burden to allege facts essential to show jurisdiction.[16]

Plaintiff asserts this court has diversity jurisdiction based on the parties' citizenship, but the complaint doesn't include the section where she indicates the relief she's seeking. She also cites the Fourteenth Amendment in her civil cover sheet, ostensibly arguing this court has federal-court jurisdiction. But she doesn't offer allegations to support these purported constitutional claims. Indeed, the complaint doesn't provide any factual allegations. It goes from Section 2 straight to Section 8, omitting the essential parts of the form complaint explaining plaintiff's statement of her claims and what relief she is seeking. The court has no idea what plaintiff is alleging happened; which rights defendant violated; and when, where, and why the events occurred. Without any information, the court can't determine whether this case should be in this court or whether plaintiff has stated a valid

---

[16] *McBride v. Doe*, 71 F. App'x 788, 789 (10th Cir. 2003).

claim under which she can obtain relief.  Without establishing jurisdiction in this case, even construing plaintiff's pro se allegations liberally, this court may dismiss the case.[17]

Plaintiff is advised to consult the pro se resources on the District of Kansas website, which can be found at http://ksd.uscourts.gov/index.php/self-represented-litigants/.  By **June 10, 2021**, plaintiff must show cause in writing to the presiding U.S. District Judge, John W. Broomes, why this case should not be dismissed for lack of subject-matter jurisdiction and failure to state a plausibly valid claim for relief.

Plaintiff is hereby informed that, within 14 days after she is served with a copy of this order, she may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion requesting that the presiding U.S. district judge review this order.  A party must file any objections within the 14-day period if the party wants to have appellate review of this order.

IT IS SO ORDERED.

Dated May 27, 2021, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U. S. Magistrate Judge

---

[17] *Doe*, 71 F. App'x at 790.