UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| TAMARA B. FIELDS, individually and as | ) | |
| personal representative for the estate of | ) | |
| Darton A. Fields, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-2239-JWB |
| | ) | |
| KANSAS DEPARTMENT OF | ) | |
| CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Plaintiff, proceeding pro se, brings this wrongful-death case against defendants, the Kansas Department of Corrections and Jacob Snyder, individually and in his official capacity as a parole officer. Defendants have filed a motion to stay discovery and other pretrial proceedings (ECF No. 37) pending a ruling on their motion to dismiss (ECF No. 26). Plaintiff opposes this request. For good cause shown, the motion is granted.

It has long been the general policy in the District of Kansas not to stay discovery even if a dispositive motion is pending.[1] But four exceptions to this policy are recognized. A discovery stay may be appropriate if: (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the

---

[1] *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit.[2]  The decision whether to stay discovery rests in the sound discretion of the district court.[3]   As a practical matter, this calls for a case-by-case determination.

The court has reviewed the record, the instant motion, and the pending dispositive motion.   The court concludes that a brief stay of all pretrial proceedings—including discovery and the scheduling of deadlines—is warranted until the court resolves defendants' dispositive motion.   Defendants assert Eleventh Amendment immunity and qualified immunity in the motion to dismiss.   Defendants are generally entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings.[4]  "One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed

---

[2] *Id.* (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297–98 (D. Kan. 1990)); *Siegert v. Gilley*, 500 U.S. 226, 232–33 (1991) ("'Until this *threshold* immunity question is resolved, discovery should not be allowed.'" (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (emphasis in original)).

[3] *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

[4] *Siegert*, 500 U.S. at 232–33.

upon those defending a long drawn out lawsuit."[5]  The Supreme Court has made it clear

that until the threshold question of immunity is resolved, discovery should not be allowed.[6]

In addition, the court finds that a ruling on the dispositive motion could narrow or terminate

this case, making discovery at this point wasteful and burdensome.

In consideration of the foregoing, and upon good cause shown,

IT IS HEREBY ORDERED:

1)      The motion to stay is granted.

2)      All pretrial proceedings in this case, including discovery, are stayed until

further order of the court.

3)      Within 14 days of the ruling on the pending motion to dismiss, plaintiff and

counsel for any party remaining in the case shall confer and submit a Rule 26(f) planning-

meeting report to the undersigned's chambers.

Dated February 4, 2022, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[5] *Id*. at 232; *see also Gallegos v. City and Cnty. of Denver*, 984 F.2d 358, 361 (10th Cir. 1993) ("A successful claim of qualified immunity allows a public official to avoid the burdens of discovery and litigation, as well as liability." (citing *Harlow*, 457 U.S. at 817–18)).

[6] *Siegert*, 500 U.S. at 233 ("The entitlement is an *immunity from suit* rather than a mere defense to liability. . . ." (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original)).