IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TAMARA B. FIELDS, individually
and as personal representative for the
Estate of DARTON A. FIELDS II,

      Plaintiff,

v.                                                Case No. 21-02239-JWB

KANSAS DEPARTMENT OF CORRECTIONS,
et al.,

      Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendants' motion to dismiss (Doc. 26.) The motion is fully briefed and ripe for review. (Docs. 26, 41, 42.) For the reasons stated herein, Defendants' motion to dismiss is GRANTED.

**I.    Background**

On May 25, 2021, Plaintiff[1], proceeding pro se and *in forma pauperis*, filed her complaint (Doc. 1) alleging various claims against Defendants, the Kansas Department of Corrections ("KDOC") and Jacob Snyder, individually and in his official capacity as a parole officer. Following this, the assigned magistrate judge issued a show cause order as to why the case should not be dismissed for lack of subject matter jurisdiction. (Doc. 5.) In response, Plaintiff filed a motion titled "Loss of Life and Wrongful Death Claim" wherein she provided necessary details

---

[1] Plaintiff Tamara Fields alleges that she is the Personal Representative for the Estate of Darton A. Fields II. (Doc. 9 at 1.)

concerning her claims to avoid dismissal.[2] (Doc. 9.) Accordingly, the following facts are taken from Plaintiff's response to the magistrate judge's show cause order. (*Id.*)

On May 25, 2019, Kristopher Klesath shot Darton A. Fields II in Topeka, Kansas, resulting in Fields' death the following day. At the time of the shooting, Klesath was on parole and under the supervision of Jacob Snyder, a parole officer working for KDOC. Plaintiff alleges that Klesath violated his parole agreement multiple times. Because of these violations, Plaintiff alleges the Defendants violated Darton's Fourteenth Amendment right with "Gross Negligence and Deliberate Indifference." (*Id.* at 5.) That is, Plaintiff alleges that Defendants "failed to Supervise, Monitor and Enforce the Terms and conditions of Mr. Klesath's Parole" multiple times. With this in mind, Plaintiff argues that had Klesath's parole been revoked, then Klesath would have been imprisoned, and therefore could not have shot and killed Darton.

Plaintiff provides a list of both federal and state statutes she believes have been violated, which includes: 42 U.S.C. §§ 1983 and 1988, 18 U.S.C. § 242, K.S.A. 60-1801, and K.S.A. 60-1902. (*Id.* at 1.) On October 20, 2021, Defendants filed a motion to dismiss Plaintiff's complaint with prejudice for failure to state a claim upon which relief may be granted.

**II.   Standard**

The court will grant a Rule 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp.

---

[2] Plaintiff's Complaint (Doc. 1) does not provide any factual allegations in support of her claims. However, Plaintiff's response to the magistrate judge's show cause order alleges sufficient factual allegations to allow this court to liberally construe her claims. (Doc. 9.)

2d 1214, 1216 (D. Kan. 2008). The allegations must contain facts sufficient to state a claim that is plausible, rather than merely conceivable. *Id*. "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court construes any reasonable inferences from these facts in favor of the plaintiff. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

### III. Analysis

Because Plaintiff is proceeding pro se, the court is to liberally construe her filings. *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). After liberally construing Plaintiff's filings, the court finds that the claims against KDOC are barred because it lacks the capacity to be sued. The court further finds that Officer Snyder is entitled to both sovereign and qualified immunity.

#### A. KDOC Lacks Capacity to be Sued

Plaintiff fails to controvert Defendants' argument that the KDOC lacks the capacity to sue or be sued. Judge Melgren previously summarized the applicable law on this issue:

> A party's capacity to sue or be sued in federal court is determined by state law. Under Kansas law, absent express statutory authority, legislatively-created government agencies lack the capacity to sue or be sued. The KDOC is a legislatively-created government agency, and Kansas law does not permit it to sue or be sued.

*Sims v. Kansas Department of Corrections*, No. 18-1259-EFM-KGG, 2019 WL 4450671, at *4 (D. Kan. September 17, 2019). Accordingly, KDOC lacks the capacity to be sued and Defendants' motion to dismiss is granted as to any claim asserted against KDOC.

3

### B. Officer Snyder is Entitled to Eleventh Amendment Immunity

Next, Plaintiff brings a claim against Officer Snyder in his official capacity as a parole officer in the KDOC. However, as argued by Defendants, Snyder is an employee of the State of Kansas, which entitles him to Eleventh Amendment immunity. Plaintiff responds, in conclusory fashion, that Officer Snyder is not entitled to immunity. (Doc. 41 at 2.) Plaintiff offers no basis to refute Officer Snyder's assertion of Eleventh Amendment immunity.

"It is well settled that the Eleventh Amendment, in the absence of consent, bars suit against the state or one of its agencies or departments in federal court." *Barger v. State of Kan.*, 620 F. Supp. 1432, 1434 (D. Kan. 1985). This immunity extends to state officials acting in their official capacities because "a suit against a state official in his or her official capacity . . . is no different than a suit against the State itself." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

Here, this court has "no trouble concluding that KDOC is an agency or department of the State of Kansas." *Jones v. Courtney*, 466 F. App'x 696, 699 (10th Cir. 2012); *Eastwood v. Dep't of Corr. of Okla.*, 846 F.2d 627, 631-32 (10th Cir. 1988) (concluding that the Oklahoma Department of Corrections "is an arm of the state and should be entitled to" Eleventh Amendment immunity); *see also Vinson v. McKune*, 265 Kan. 422, 960 P.2d 222, 226 (1998) (noting the court readily "observed that the [KDOC] is a state agency" as defined by Kansas law). Plaintiff offers no meaningful rebuttal to the fact that Officer Snyder was an employee of KDOC, a Kansas agency, acting in his official capacity at the time of the alleged events. Plaintiff has not identified any facts or basis for finding a waiver of sovereign immunity by the State of Kansas, its agencies, or the relevant officials. Accordingly, Plaintiff's claims against Officer Snyder, in his official capacity, are dismissed for lack of jurisdiction.

### C. Officer Snyder is Entitled to Qualified Immunity

4

Next, Officer Snyder moves for dismissal of any claim against him, in his individual capacity, on the basis of qualified immunity. "Individual defendants named in a § 1983 action may raise a defense of qualified immunity." *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 460 (10th Cir. 2013). Qualified immunity "shields public officials ... from damages actions unless their conduct was unreasonable in light of clearly established law." *Gann v. Cline*, 519 F.3d 1090, 1092 (10th Cir. 2008) (quotations omitted). When the defense of qualified immunity is asserted, a plaintiff must show: "(1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct." *Cillo*, 739 F.3d at 460.

For a right to be clearly established, the contours of that right must be "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). A right is clearly established if there is a "Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts found the law to be as the plaintiff maintains." *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011) (quoting *Stearns v. Clarkson*, 615 F.3d 1278, 1282 (10th Cir. 2010)).

Here, Defendants correctly argue that "Plaintiff has not identified any laws that Officer Snyder broke in performing his job as a parole officer that would abrogate his qualified immunity." (Doc. 26 at 7.) Likewise, Plaintiff's response to the motion to dismiss does not even attempt to point this court to a controlling Supreme Court or Tenth Circuit decision. (Doc. 41 at 3.) The court is mindful of Plaintiff's pro se status, but as noted above, the court is not required to construct legal theories or supply additional factual allegations on Plaintiff's behalf. *See Whitney*, 113 F.3d at 1173-74. After discarding Plaintiff's conclusory allegations, the court finds that Plaintiff has

failed to show that Officer Snyder violated any clearly established constitutional right. Accordingly, Officer Snyder is entitled to qualified immunity as to any federal claim asserted against him in his individual capacity.

### D. State Law Claims

Because the court dismisses Plaintiff's federal claims, the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Any claims remaining in Plaintiff's Complaint arise under state law. Although the court could exercise supplemental jurisdiction over Plaintiff's state law claims, the court declines to do so. *See Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.") (quoting *Smith v. City of Enid ex rel Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998)). There are no compelling circumstances that justify this court retaining jurisdiction. In addition, this case is in the early stages as a scheduling order has not been entered and no formal discovery has been exchanged. Accordingly, the court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

### IV. Conclusion

Defendants' motion to dismiss (Doc. 26) is GRANTED. Plaintiff's complaint is hereby DISMISSED for the reasons stated above. The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED this 10th day of May, 2022.

\_\_\_\_s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE