Case 2:21-cv-02239-JWB-ADM Document 46 Filed 07/01/22 Page 1 of 3

| TIME RECEIVED | REMOTE CSID | DURATION | PAGES | STATUS |
|---|---|---|---|---|
| July 1, 2022 at 2:26:18 PM PDT | | 68 | 3 | Received |

Jul. 1. 2022  3:36PM                                          No. 2195   P. 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

TAMARA B. FIELDS, individually and as

Personal representative for the Estate

Of DARTON A. FIELDS II

                Plaintiff,

v.                                         Case No. 21-02239-JWB

KANSAS DEPARTMENT OF CORRECTIONS,

Et al.,

                Defendants.

## MOTION FOR APPEAL ADDEMUN

This matter before the court is a motion for an Appeal. The motion to Appeal is for the 10th circuit court. It is a request for the court to rescind the grant of dismissal of the Plaintiffs compliant in this case. With all due respect of Judge and his Court, the Plaintiff is of the opinion that the decision to dismiss is a mistake. The Plaintiff is asking for time to present the appeal for reconsideration. The Plaintiff is of the opinion that defendant Jacob Synder is NOT qualified for immunity and must be the qualifications to be immuned. Pearson v. Callahan.

Jacob Sydner is currently being investigated through the F.B.I. for criminal neglect. Mr. Snyder is in violation of both Federal and State law as it pertains to Qualified Immunity. He is in violation of the 14th Amendment which requires all citizens' equal protection of the law. By enforcing the terms and conditions of Mr.

Klesath's Parole, Mr. Synder was providing all Entities and individuals equal protection of the law. In addition, Mr. Synder was not performing the basic functions of his job by not monitoring his client. Mr. Snyder's job functions were not to be discretionary in that the terms and conditions of Mr. Klesath's parole were contractional. Mr. Snyder's role was to ensure that fact that the terms and conditions of the contract were enforced. Qualified immunity is not immunity from having to pay money for damages. Saucier v Katz, 533 U.S. 194 (2001) determines if a constitutional right is violated. Later, Person V. Callahan altered the Saucier Test and a constitutional law does not have to be violated. Therefore, the court is asked to reconsider its position of dismissal and proceed with trail to determine if Mr. Synder is qualified for immunity.

This document also serves as notification to the court that the Plaintiff has Cancer is currently undergoing treatment which requires much hospitalization. Therefore, the Plaintiff is asking for additional time to respond to court deadlines.

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF KANSAS

07-1-22

*Tamara Fields* (signature)

Tamara Fields, Plaintiff

P.O. Box 201662

Denver, Co. 80220