IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TAMARA B. FIELDS, individually
and as personal representative for the
estate of DARTON A. FIELDS II,

    Plaintiff,

v.                                                          Case No. 21-2239-JWB

KANSAS DEPARTMENT OF CORRECTIONS,
et al.,

    Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's motion for leave to file appeal out of time (Doc. 51). Defendants filed a response in opposition to the motion but they take no position as to whether Plaintiff has shown good cause for an extension of time. (Doc. 52.) For the reasons stated herein, Plaintiff's motion is GRANTED.

Plaintiff, proceeding pro se, filed her Complaint (Doc. 1) on May 25, 2021. Plaintiff is the personal representative of the estate of Darton Fields, who was killed by Kristopher Klesath. Plaintiff's complaint set forth several claims under federal and state law against Defendants Kansas Department of Corrections and Jacob Snyder, alleging that Defendants violated Fields' constitutional rights by failing to supervise Klesath, who was on state parole at the time of Fields' death. (Doc. 44 at 2.) Defendants moved to dismiss the complaint on various grounds. (Doc. 26.) On May 10, 2022, the court granted the motion and dismissed the complaint. (Doc. 44.) The court declined to exercise supplemental jurisdiction over the state law claims. (*Id.* at 6.)

On July 1, 2022, Plaintiff filed a notice of appeal and, additionally, sought leave to file her appeal out of time. (Doc. 51.) The Tenth Circuit Court of Appeals has abated the appeal pending ruling on the motion. (Doc. 49.) In her motion, Plaintiff states that she needs the additional time because she has cancer and is currently undergoing treatment which has required hospitalization. In response to the motion, Defendants state that they take no position as to whether Plaintiff has demonstrated good cause for filing out of time.

Federal Rule of Appellate Procedure 4(a)(5)(A) allows the district court to extend the time for filing a notice of appeal if "(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A).

Plaintiff has satisfied the first requirement of the Rule. The court entered judgment dismissing Plaintiff's complaint on May 10, 2022. (Doc. 45.) Plaintiff's time for filing a notice of appeal expired 30 days after entry of the judgment, or on June 9, 2022. Fed. R. App. 4(a)(1)(A). As such, Plaintiff filed her notice of appeal within 30 days after her time for filing an appeal expired, as Fed. R. App. P. 4(a)(5)(A) requires. (*See* Doc. 46, docketed on July 1, 2022.)

The second requirement requires Plaintiff to show excusable neglect or good cause to extend the time for filing a notice of appeal. Fed. R. App. P. 4(a)(5)(A)(ii). The court finds Plaintiff satisfies the good cause standard under the facts alleged here. Good cause exists "'in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.'" *Bishop v. Corsentino*, 371 F.3d 1203, 1207 (10th Cir. 2004) (quoting Fed. R. App. P. 4(a)(5) advisory committee's note to 2002 amendments). Here, Plaintiff asserts that she needs an extension of time

2

due to her treatment for cancer which has required hospitalization. These circumstances are out of Plaintiff's control. The court finds that Plaintiff has demonstrated good cause for an extension.

Rule 4(a)(5)(C) prohibits the court from granting an extension under the Rule exceeding "30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C). Plaintiff's notice of appeal has already been docketed and was filed on July 1, 2022. Therefore, this order granting leave is consistent with the timing requirements of Rule 4(a)(5)(C).

Plaintiff's motion to file her notice of appeal out of time (Doc. 51) is GRANTED.

IT IS SO ORDERED this 19th day of July, 2022.

                                                                           s/ John W. Broomes
                                                                           JOHN W. BROOMES
                                                                           UNITED STATES DISTRICT JUDGE